# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-30016 |
| | ) |
| JACKLYN STILL a/k/a | ) |
| JACKLYN GEBHARDT, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND PRELIMINARY ORDER OF FORFEITURE

This matter comes before the Court on the Government's Amended Motion for a Preliminary Order of Forfeiture, With Supporting Suggestions (d/e 29).  On March 29, 2011, Defendant entered a plea of guilty to the charges in Counts I and II in the Information (d/e 8) and agreed to the entry of a money judgment of forfeiture against her and in favor of the United States.  See Plea Agreement (d/e 13) at 11-14.

The Information in this cause sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1) and (a)(2)(A), of any interest Defendant may have in property constituting or derived from proceeds obtained, directly or indirectly, as a

result of the violations charged in Counts 1 and 2 of the Information, including, but not limited to, the following:

(1) One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments, and easements thereon, and all rights appertaining thereto, located at 101 Adelle Court, Jacksonville, Illinois, and legally described as:

> Lot Forty-six (46) in Sandy Creek Farms, Plat No. 1, a subdivision located in a part of the Northeast Quarter (NE 1/4) of Section Twenty (20) in Township Fourteen (14) North and Range Ten (10) West of the Third Principal Meridian, according to the recorded plat thereof, situated in the County of Morgan, State of Illinois (Parcel #13-20-201-046);

(2) One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments, and easements thereon, and all rights appertaining thereto, located at 109 Pearl Place, Jacksonville, Illinois, and legally described as:

> Lot Thirty-eight (38) in Sandy Creek Farms, Plat No. 2, a subdivision located in a part of the Northeast Quarter (NE 1/4) of Section Twenty (20) in Township Fourteen (14) North and Range Ten (10) West of the Third Principal Meridian, situated in the County of Morgan, State of Illinois (Parcel #13-20-201-038);

(3) One parcel of real estate , together with all buildings, appurtenances, improvements, fixtures, attachments, and easements thereon, and all rights appertaining thereto, located at 1111 Hall Drive, Jacksonville, Illinois, and legally described as:

Lot One Hundred Eight (108) in Diamond View West Subdivision in the Village of South Jacksonville, situated in Morgan County, Illinois (Parcel No. 09-29-306-003);

(4) One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments, and easements thereon, and all rights appertaining thereto, located at 12016 North County Road 1650 East, Havana, Illinois, and legally described as:

Part of the Southeast Quarter of Section 30, Township 21 North, Range 8 West of the Third Principal Meridian, Mason County, Illinois, being more particularly described as follows:

Commencing at the Southeast corner of the Southwest quarter of Section 30, Township 21 North, Range 8 West of the Third Principal Meridian, Mason County, Illinois; thence South 89°50'28" West along the South line of said Southwest Quarter 1,360.33 feet to the true Point of Beginning; thence North 00°52'43" West 60.00 feet; thence North 89°50'28" East parallel with the South line of said Southwest Quarter 300.00 feet; thence North 00°52'43" West 608.00 feet; thence South

89°50'28" West parallel with the South line of said Southwest Quarter 300.00 feet; thence North 00°52'43" West 1,169.23 feet; thence South 76°47'03" West 644.11 feet; thence North 35°28'25" West 264.16 feet; thence North 66°37'54" West 139.37 feet; thence North 23°03'03" West 552.65 feet; thence South 68°54'02" West 56.93 feet; thence South 20°29'24" East 610.14 feet; thence South 20°43'18" East 926.00 feet; thence South 00°29'35" East 71.60 feet; thence South 05°54'26" West 105.31 feet; thence South 27°17'42" East 231.16 feet; thence South 22°48'08" West 228.04 feet; thence South 14°34'45" East 327.13 feet; thence North 85°45'01" West 91.92 feet; thence South 00°00'00" East 110.48 feet to the South line of said Southwest Quarter; thence North 89°50'28" East 666.58 feet to the True Point of Beginning. Said parcel containing 33.94 acres, more or less.

Including an easement for ingress and egress over and along the following described tract:

Part of the Southwest Quarter of Section 30, Township 21 North, Range 8 West of the Third Principal Meridian, Mason County, Illinois, being more particularly described as follows: Beginning at the Southeast corner of the Southwest Quarter of Section 30, Township 21 North, Range 8 West of the Third Principal Meridian, Mason County, Illinois; thence South 89°50'28" West along the South line of said Southwest Quarter 1,360.33 feet; thence North 00°52'43" West 60.00 feet; thence North 89°50'28" East parallel with the South line of

said Southwest Quarter 1,360 feet, more or less, to the East line of said Southwest Quarter; thence South along the East line of said Southwest Quarter feet to the Point of Beginning. Subject to easements, covenants and restrictions of record and to roadways as now located;

(5) One 2006 Honda Motorcycle, VIN #JH2AF60636K202054; and

(6) One A/Econo Dragster, Chasis ID Number 158-2140-7.

The United States has moved for the forfeiture of the sum of $31,284.77 in lieu of the real estate at 12016 North County Road 1650 East, Havana, Illinois, listed in Paragraph (4) above, that being the net proceeds due to the United States from the sale of said property to a third party.

The United States has also sought the entry of a personal money judgment against Defendant, pursuant to Rule 32.2(b) and (c) of the Rules of Criminal Procedure and 18 U.S.C. § 982 in the amount of at least $1,000,000.00, which shall include the proceeds from the sale of the aforesaid properties, that being the approximate amount of the proceeds involved in, or traceable to the offenses described in Count 1 and 2 of the Information.

The United States has also sought the forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

On March 29, 2011, Defendant waived her right to the filing of an Indictment and accepted the Information filed. Defendant then entered into a Plea Agreement with the United States, whereby Defendant pled guilty to Counts 1 and 2 charging violations of 18 U.S.C. § 1341 and 18 U.S.C. § 1957 and agreed to the entry of a money judgment of forfeiture against her and in favor of the United States in the amount of the total amount of net proceeds involved in or traceable to the offenses to which she pled. Defendant further stipulated that it was anticipated that the amount of the money judgment would exceed $1,000,000.00 and agreed to the forfeiture of substitute assets for property otherwise subject to forfeiture in satisfaction of said money judgment.

Based upon the evidence presented by the Government and the stipulations of Defendant in the factual basis of the Plea Agreement, this Court, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, has determined that Defendant obtained at least $1,000,000.00

in proceeds through her commission of the offenses charged in the Information.

THEREFORE, The Government's Amended Motion for a Preliminary Order of Forfeiture, With Supporting Suggestions (d/e 29) is ALLOWED. It is hereby ordered, adjudged and decreed:

A.  A money judgment in the amount of at least $1,000,000.00 (the exact amount of which will be determined at sentencing) is hereby entered against Defendant and in favor of the United States pursuant to Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982(b)(1), incorporating by reference the provisions of 21 U.S.C. § 853.

B.  All right, title and interest in the following real estate and properties is hereby forfeited to the United States subject to the provisions of 18 U.S.C. § 982, incorporating by reference the provisions of 21 U.S.C. § 853:

(1)  One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments and easements thereon,

and all rights appertaining thereto, located at 101 Adelle Court, Jacksonville, Illinois, and legally described as:

> Lot Forty-six (46) in Sandy Creek Farms, Plat No. 1, a subdivision located in a part of the Northeast Quarter (NE 1/4 ) of Section Twenty (20) in Township Fourteen (14) North and Range Ten (10) West of the Third Principal Meridian, according to the recorded plat thereof, situated in the County of Morgan, State of Illinois (Parcel #13-20-201-046);

(2) One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments and easements thereon, and all rights appertaining thereto, located at 109 Pearl Place, Jacksonville, Illinois, and legally described as:

> Lot Thirty-eight (38) in Sandy Creek Farms, Plat No. 2, a subdivision located in a part of the Northeast Quarter (NE 1/4) of Section Twenty (20) in Township Fourteen (14) North and Range Ten (10) West of the Third Principal Meridian, situated in the County of Morgan, State of Illinois (Parcel #13-20-201-038);

(3) One parcel of real estate , together with all buildings, appurtenances, improvements, fixtures, attachments and easements thereon, and all rights appertaining thereto, located at 1111 Hall Drive, Jacksonville,

Illinois, and legally described as:

> Lot One Hundred Eight (108) in Diamond View West Subdivision in the Village of South Jacksonville, situated in Morgan County, Illinois (Parcel No. 09-29-306-003);

(4) The sum of $31,284.77 in lieu of the real estate at 12016 North County Road 1650 East, Havana, Illinois, that being the net proceeds due to the United States from the sale of said property to a third party;

(5) One 2006 Honda Motorcycle, VIN #JH2AF60636K202054; and

(6) One A/Econo Dragster, Chasis ID Number 158-2140-7.

C. Pursuant to 18 U.S.C. § 982(b)(1), incorporating by reference the provisions of 21 U.S.C. § 853, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order and the government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person, other than Defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Patricia McInerney, Assistant United States Attorney within thirty (30) days of the final publication of

notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time, and circumstances of the petitioner's acquisition of the right, title or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought. Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an internet site maintained by the U.S. Department of Justice.

D.   The United States may seize the specific property subject to forfeiture whether held by Defendant or a third party, and undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property, and may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $1,000,000.00 to satisfy the money judgment in whole or in part.

E.  Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall become final as to Defendant at the time of sentencing or before sentencing if Defendant consents, and shall be made part of the sentence and included in the judgment.

F.  The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

G.  The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office, Central District of Illinois, Attention:  Assistant U.S. Attorney Patricia McInerney.

H.  Upon adjudication of all third-party interest, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(1).

IT IS SO ORDERED:

ENTER:  April 28, 2011.

FOR THE COURT:

_____s/ Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE