UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-30016 |
| ) | |
| JACKLYN STILL a/k/a ) | |
| JACKLYN GEBHARDT, ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter is before the Court on the Government's Motion to Withdraw Forfeiture Allegation as to Property at 101 Adele Court (d/e 61) (Motion). In its Motion, the Government moves to withdraw its forfeiture allegation and any claim it may have for the forfeiture of the following property:

One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments[,] and easements thereon, and all rights appertaining thereto, located at 101 Adele Court, Jacksonville, Illinois, and legally described as:

> Lot Forty-six (46) in Sandy Creek Farms, Plat No. 1, a subdivision located in a part of the Northeast Quarter (NE 1/4 ) of Section Twenty (20) in Township Fourteen (14) North and Range Ten (10) West of the Third Principal Meridian, according to the recorded plat thereof, situated in the County of Morgan, State of Illinois; (Parcel #13-20-201-046)

This property was included as an asset to be forfeited to the United States in a Preliminary Order of Forfeiture entered by this Court on April 28, 2011, after Defendant's entry of a plea of guilty and this Court's finding that the property was subject to forfeiture. See d/e 30. This property was also the subject of a Joint Motion and an Order for Interlocutory Sale entered by this Court on September 1, 2011. See d/e 58.

Since the entry of the September 1, 2011 Order, the Government has received information reflecting that there are numerous liens and expenses on said property which are superior to the Government's claim herein, and that payment of said liens and expenses from proceeds of sale would result in little or no equity in said property. The Government requests that this Court enter an order dismissing the Government's

claim and striking any interest it may have acquired in the foregoing property.

THEREFORE, the Motion (d/e 61) is GRANTED and the Government's claim for forfeiture to the above-described property is withdrawn.  As a result of the Government's withdrawal of its claim for forfeiture of the above-described property, both:  (1) Jeffrey Still's Petition (d/e 35) to set aside the forfeiture and (2) Citizens Equity First Credit Union's Petition for Hearing to Adjudicate Validity of Interest of Citizens Equity First Credit Union in Property Forfeited to the United States (d/e 37) (CEFCU's Petition) are moot because they relate to the above-described property.  Therefore, both Jeffrey Still's Petition (d/e 35) and CEFCU's Petition (d/e 37) are DENIED AS MOOT.

IT IS SO ORDERED:

ENTER: October 20, 2011.

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE